UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>JOSEPH POLCHINSKI,<br><br>Debtor. | Chapter 13<br><br>Case No.: 25-22601 (DSJ) |

**OPINION AND ORDER DENYING MOVANT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND SUSTAINING MOVANT'S OBJECTION TO DEBTOR'S AMENDED CHAPTER 13 PLAN**

**APPEARANCES:**

CARL J. NELSON LAW, P.C.
*Counsel for the Debtor*
800 Westchester Avenue
Rye Brook, New York 10573
By: Carl J. Nelson

CHAPTER 13 STANDING TRUSTEE
399 Knollwood Road, Suite 102
White Plains, New York 10603
By: Thomas C. Frost
Rebecca Richards

DORF, NELSON & ZAUDERER LLP
*Counsel for Trustco Bank*
555 Theodore Fremd Avenue
Rye, New York 10580
By: Ryan P. Kaupelis

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the motion (the "Motion for Relief" or "Mot.") [ECF No. 79] of Trustco Bank ("Trustco" or the "Movant") for relief from automatic stay pursuant to 11 U.S.C. § 362(d)(1) as well as Trustco's objection to Debtor's second amended Chapter 13 plan (the "Confirmation Objection" or "Obj.") [ECF No. 88]. The Debtor commenced this voluntary case under chapter 13 of the Bankruptcy Code. *See* Petition [ECF No. 1]. Debtor's amended plan filed on June 12, 2026 (the "Plan"), is the operative plan for purposes of the matters presently before

the Court. *See* Plan [ECF No. 67]. In support of the Motion for Relief, Trustco filed a declaration by Michelle Dowers (the "Dowers Mot. Decl.") [ECF No. 80], a loan servicing collections officer at Trustco. In support of the Confirmation Objection, Trustco also filed a declaration by Ms. Dowers (the "Dowers Decl.") [ECF No. 89]. Debtor has both opposed the Motion for Relief ("Opp. Mot.") [ECF No. 82] and the Confirmation Objection ("Opp. Obj.") [ECF No. 91]. In support of his opposition to the Confirmation Objection, Debtor filed a declaration by the Debtor himself ("Debtor Decl.") [ECF No. 91).

Trustco contends it is entitled to relief and the Debtor is not entitled to confirmation of his Plan because, among other things, the Debtor has failed to make all required postpetition payments on the underlying note and mortgage and that the Plan does not provide for payment of the resulting postpetition arrears, although the Plan contemplates that Debtor will make the contractually required monthly payments on a going-forward basis. The Debtor opposes the Motion for Relief, contending that there is no cause to lift the stay because there is a substantial equity cushion in the property and he has made the payments required to Trustco under his proposed, but not yet confirmed, Plan. Debtor also argues that he has been complying with the terms of his not-yet-confirmed plan by making what he terms "adequate protection" payments, *i.e.*, principal and interest payments, to Trustco from January 2026 through the end of the Plan. Debtor also was in arrears on pre-petition mortgage obligations, but Trustco untimely filed its claim for those amounts, and the claim therefore was expunged.

The Court heard the parties' respective positions in connection with confirmation of the amended plan and the Motion for Relief at hearings held on August 12 and September 16, 2026, and reserved decision. All remaining issues regarding confirmation are scheduled to be heard on October 21, 2026.

For the reasons explained below, the Court DENIES Trustco's Motion for Relief but SUSTAINS its Confirmation Objection.

**BACKGROUND**

This opinion provides only such background as is pertinent to this decision.

The Debtor owns and occupies real property located at 91 First Street, Yonkers, New York (the "Property"). On August 30, 2019, the Debtor executed a promissory note in favor of Trustco Bank, a Federal Savings Bank ("Trustco"), in the original principal amount of $320,000, requiring monthly payments of principal and interest at a rate of 3.625 percent over a thirty-year term, with a maturity date of August 30, 2049. *See* Dowers Decl. ¶¶ 7 & Ex. A. On the same date, the Debtor executed a mortgage in favor of Trustco encumbering the Property, which was recorded in the Office of the Westchester County Clerk on November 4, 2019. *See id.* & Ex. B. Trustco represents, without dispute, that it is the owner and holder of the note and mortgage and that it remains in possession of the original instruments. *See id.* ¶ 6. The Debtor defaulted under the note and mortgage no later than August 30, 2022. *See* Dowers Mot. Decl. ¶ 9.

Trustco failed to timely file a proof of claim and its claim in the amount of $50,610.73 in prepetition arrears was expunged for that reason. *See* Order Expunging Proof of Claim No. 10 [ECF No. 47]; Dowers Mot. Decl. ¶ 12; Proof of Claim No. 10 at 2, 4.

Following a noticed default in August 2022, Trustco commenced a foreclosure action against the Debtor in the Supreme Court of the State of New York, Westchester County, in June 2023. *See Trustco Bank v. Polchinski*, Index No. 62026/2023 (Westchester Cnty. Sup. Ct.) [NYSCEF Dkt. No. 1]; Dowers Mot. Decl., Ex. 2. An order confirming the referee's report and a judgment of foreclosure and sale were entered by the state court in October 2024. *See Polchinski*, Index No. 62026/2023 [NYSCEF Dkt. No. 68]; Dowers Mot. Decl., Ex. 3. The referee thereafter

issued a notice of sale providing for a public auction of the Property on July 3, 2025. *See Polchinski*, Index No. 62026/2023 [NYSCEF Dkt. No. 107]; Dowers Mot. Decl., Ex. 4. Before the scheduled sale, on June 30, 2025, the Debtor commenced this chapter 13 case. *See* Petition.

The Plan, as amended, provides for direct monthly payments to Trustco in the amount of approximately $1,459 as postpetition payments during the proposed sixty-month plan term. *See* Plan § 3.1. The parties dispute the timing of the Debtor's postpetition payments, but the record reflects that the Debtor made payments of $1,460 on September 2, 2025, October 15, 2025, October 31, 2025, December 3, 2025, April 14, 2026, May 22, 2026, and August 5, 2026, for total payments of $10,220. *See* Dowers Decl. ¶ 9. Trustco maintains that fifteen monthly payments of $1,459.36 had become due between the commencement of the case and the date of its objection, totaling $21,890.40, and that the Debtor had not made payments for June through August 2025, January through March 2026, or June and July 2026. *Id.* ¶ 10. Trustco contends that, as of September 9, 2026, the Debtor owed $11,670.40 in unpaid postpetition installments. *Id.* ¶ 11. Debtor has not rebutted nor questioned this showing. Debtor explains that, following a period of financial and personal challenges, including a family death, Debtor intends to make all contractually required monthly mortgage payments going forward under his Plan. *See* Debtor Decl. ¶¶ 3–4, 8. The Plan does not provide for payment of the already-accrued postpetition arrears to Trustco. *See* Plan § 3.1. Nor does the Plan provide for payment of the roughly $50,000 in pre-petition arrears, but those amounts need not be paid under the Plan due to the expungement of Trustco's untimely-filed claim in that amount. *See* Order Expunging Proof of Claim No. 10.

As to the value of the collateral, the Debtor scheduled the Property at $639,000. *See* Schedule A/B at 1 [ECF No. 1]. Trustco obtained an appraisal dated May 11, 2026, valuing the Property at $655,000. *See* Dowers Mot. Decl. ¶ 14 & Ex. C.

**DISCUSSION**

**I. The Motion for Relief is Denied**

Section 362(d)(1) of the Bankruptcy Code, on which the Movant's motion is based, requires the Court to provide relief from the automatic stay upon a movant's showing of "cause, including the lack of adequate protection of an interest in property" of the movant. 11 U.S.C. § 362(d)(1). Here, it is undisputed that Trustco holds a mortgage and security interest giving rise to an interest in Debtor's residence. *See* Dowers Decl. ¶ 6.

Trustco fails, however, to establish "cause" for relief from the stay.

First, the express language of Section 362(d)(1) includes a "lack of adequate protection" as an example of the types of "cause" that can require providing relief from the stay. *See* 11 U.S.C. § 362(d)(1) ("On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause, *including* the lack of adequate protection of an interest in property of such party in interest.") (emphasis added). But Trustco has not established a lack of "adequate protection" of its security interest given the existence of a very large equity cushion – perhaps $300,000, which nearly equals the amount owed on the mortgage overall. Abundant case law persuasively concludes that an equity cushion of 20% or more can and likely does provide adequate protection for a secured lender's interest in a residence. *See, e.g.*, *In re Singh*, No. 25-10431 (JPM), 2025 WL 2315415, at *3 (Bankr. S.D.N.Y. Aug. 11, 2025) (citing *In re AMR Corp.*, 490 B.R. 470, 478 (S.D.N.Y. 2013)); *In re Han*, 676 B.R. 119, 124–25

(Bankr. S.D.N.Y. 2026) (describing a 30% equity cushion as "substantial"); *In re McKillips*, 81 B.R. 454, 458 (Bankr. N.D. Ill. 1987).

That alone is not dispositive, however, because other forms of "cause" may exist and must be considered. *See In re Hanna Jesionowska Prac. LLC*, No. 25-12501 (DSJ), 2026 WL 1365120, at *9 (Bankr. S.D.N.Y. May 14, 2026) (citing *In re Benton*, 662 B.R. 517, 521 (Bankr. S.D.N.Y. 2024); *In re Cole*, 202 B.R. 356, 360 (Bankr. S.D.N.Y. 1996)). The reality is plain from the statutory language which calls for stay relief upon a showing of "cause," which includes but is not textually or logically limited to a lack of adequate protection. *See id.* (citing *U.S. Bank, N.A. v. Am. Airlines, Inc. (In re AMR Corp.)*, 485 B.R. 279, 295 (Bankr. S.D.N.Y. 2013); *Spencer v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002)).

Here, however, the Movant has not established other "cause" to lift the stay. Debtor is paying now-due monthly amounts on account of the loan, although earlier, during the life of the case, he missed seven post-petition monthly payments, at a time when he reports having experienced a loss of employment and income. *See* Debtor Decl. ¶¶ 3–4. As noted, Debtor's Plan calls for continuing to make monthly mortgage payments for the life of the Plan, but the Plan does not call for making up either the missed payments, or the pre-petition arrearage that formed the basis for the lender's foreclosure judgment, *see* Plan § 3.1, although the claim on account of pre-petition obligations was expunged due to Trustco's late filing of its proof of claim. *See* Order Expunging Proof of Claim No. 10.

The Court concludes "cause" within the meaning of Section 362(d)(1) has not been established here. Debtor's failure to make all post-petition payments may support a motion to dismiss or opposition to confirmation, but Movant (Trustco) has provided no authority holding that cause to lift the stay exists in circumstances like those here, *i.e.*, where a debtor has made

some (but not all) postpetition payments to its prepetition secured lender and is continuing to make payments as they become due, especially where the lender has a substantial equity cushion. Trustco does cite authority, with which this Court agrees, that a failure to make post-petition mortgage payments can alone constitute "cause" to lift the stay, even where an equity cushion exists. *See* Mot. ¶ 24 (citing *In re Taylor*, 151 B.R. 646, 648 (E.D.N.Y. 1993); *In re Uvaydov*, 354 B.R. 620 (Bankr. E.D.N.Y. 2006) ("[I]t it is well established under decisional law that a debtor's failure to make post-petition mortgage payments in bankruptcy rehabilitation proceedings can constitute cause for relief under [Section] 362(d)(1).")). But those cases did not involve a debtor who, after a period of missed payments, has resumed making required payments on a regular basis, with a stated intention to continue making those payments for the life of the plan. The Motion for Relief is thus not supported by persuasive on-point authority.

And the Court does not perceive "cause" to lift the stay resulting from the seven-month but not-ongoing period of missed payments, at least where Debtor professes an intention to continue payments indefinitely into the future, Debtor has been making required payments after missing earlier ones,[1] and the Movant has such a substantial equity cushion that the loan will remain fully collateralized by the surplus value in the property throughout and after the case. Meanwhile, relief from the stay and/or dismissal can be sought if Debtor stops making mortgage payments in the future. A further consideration in declining to find "cause" is that the probable consequence of lifting the stay — a foreclosure sale of the property despite Debtor's desire to retain it, and a mandated immediate full satisfaction of a loan in an amount that exceeds $300,000 based on a significant but not-ongoing period of missed postpetition payments — would be severe, and disproportionate both to the actionable failure of Debtor to make seven

[1] But Debtor missed the January through March 2026 and June and July 2026 payments. *See* Dowers Decl. ¶ 10.

months of post-petition payments, and to the prejudice to the Movant of needing to wait to be made whole on the $11,670.40 in missed postpetition payments, which is the only hardship Trustco faces given the expungement and resulting lack of plan payments on account of its pre-petition claim (but not the forgiveness of the mortgage debt as a whole).

Accordingly, the Movant's Motion for Relief is hereby denied.

## II. Trustco's Objection to Confirmation is Sustained

Trustco's Confirmation Objection contends that the proposed Plan contravenes the Bankruptcy Code by not proposing to cure Debtor's undisputed failure to make seven months' worth of postpetition mortgage payments in the total amount of $11,670.40. *See* Obj. ¶¶ 10–11, 16–17; Dowers Decl. ¶ 11. Trustco sums up Debtor's proposal to treat the postpetition mortgage arrears as follows: "[H]is 2025 post-petition payments should be applied to his post-petition 2026 arrears, which are due under the [] Plan, and that all of his missed post-petition arrears should then be deferred until the end of the 60-month [] Plan." Obj. ¶ 12. In other words, the Debtor does not propose to make up the seven missed postpetition payments until completion of the Plan and discharge. Because the Plan does not provide for curing postpetition arrears owed to Trustco, Trustco argues that the Plan violates Sections 1322(b)(5) and 1325(a)(1) of the Bankruptcy Code. *See id.* ¶¶ 16–17.

The Debtor responds that the Plan proposes "to pay 100% of allowed claims and full contractual principal and interest payments to Trustco from January 2026 through the end of the [] Plan." *See* Obj. Opp. ¶ 5.iv. Debtor also asserts that "Trustco is not a holder of a secured claim and is, at best, a party in interest pertaining to its lien that survives the bankruptcy." *Id.* ¶ 4. Thus, in economic substance, the Debtor proposes to make principal and interest payments to Trustco from January 2026 onward (a characterization that depends on recharacterizing some earlier

post-petition payments to make up for payments that Debtor missed in 2026). *See* Plan § 3.1 (titled, "Maintenance of payments and cure of default, if any."). Debtor characterizes the ongoing postpetition payments made to Trustco pursuant to the proposed Plan as "voluntary payments as additional adequate protection beyond the $315,000 equity cushion." Opp. Obj. ¶ 5.ii. Debtor also contends that he is "not in default of his adequate protection payments" pursuant to the Plan (because the Plan says the seven missed payments will not be made up), and therefore cannot be found in violation of Section 1322(b)(5), a provision that is not specifically invoked in the Plan. *See id.* ¶ 8 (asserting Debtor has not "committed to a 'cure and maintain' posture" pursuant to Section 1322(b)(5)).

Debtor also raises a purported procedural defect with Trustco's Confirmation Objection, which the Court will discuss first before turning to the merits of Debtor's and Trustco's contentions. Debtor argues that the Plan was "confirmable after 28 days of its filing and service [on June 12, 2026]" and that Trustco failed to timely file an objection, which was filed on September 9, 2026. Opp. Obj. ¶ 2. Although not cited in Debtor's papers, Bankruptcy Rule 3015(f)(1) requires that "[an] objection [to confirmation] must be filed, served, and sent at least 7 days before the date set for the confirmation hearing." Fed. R. Bankr. P. 3015(f)(1). While the Court agrees a literal interpretation of Bankruptcy Rule 3015(f), *i.e.*, that "any objection to confirmation may be considered so long as it is filed prior to confirmation of the plan," would "lead to an absurd result" because the "confirmation process could go on *ad infinitum*," *In re Duncan*, 245 B.R. 538, 541 (Bankr. E.D. Tenn. 2000) (discussing the 1993 amendments to Bankruptcy Rule 3015), nowhere do the Bankruptcy Code or Rules mandate that a Plan is "confirmable" following a lack of a timely objection. Trustco's objection may be "technically" in default of this Bankruptcy Rule 3015(f), but the Court still has an independent obligation under

Section 1325 to determine whether Debtor's Plan fulfills the requirements for confirmation. *See* 11 U.S.C. § 1325(a) (providing that a bankruptcy court "shall confirm a plan" if the plan "complies with the provisions of" Chapter 13 and with "other applicable provisions of this title"); *In re Bennett*, 615 B.R. 384, 393 (Bankr. N.D.N.Y. 2020) (citing *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277 (2010)). In fact, courts have previously granted confirmation objections *sua sponte* notwithstanding a creditor's untimely objection. *See In re Johnson*, 160 B.R. 800, 802–03 (S.D. Ohio 1993).

The question is now whether the Court may confirm Debtor's Plan as proposed. Section 1325(a) says the court "shall confirm a plan if—(1) the plan complies with the provisions of this chapter and the other applicable provisions of this title." As discussed *supra*, the Court has an independent obligation under the Bankruptcy Code to independently verify whether a debtor's plan has met the requirements for confirmation and complies with the Code. *See Espinosa*, 559 U.S. at 277; 11 U.S.C. § 1325(a)(1). The Debtor, as the proponent of the plan, bears the burden of establishing that the plan satisfies each of the requirements set forth in Section 1325. *In re Sherwood*, No. 15-10637 (JLG), 2016 WL 355520, at *3 n.5 (Bankr. S.D.N.Y. Jan. 28, 2016) (citing *In re Lessman*, 159 B.R. 135, 137 (Bankr. S.D.N.Y. 1993)). "[Section] 1322(a) lists provisions which must be made part of a chapter 13 debtor's plan, while [Section] 1322(b) contains provisions which a debtor may utilize and in appropriate circumstances." *Lessman*, 159 B.R. at 137 (citing 11 U.S.C. § 1322(a) and (b)).

Section 1322(b)(5) provides that a Chapter 13 plan "may . . . provide for the . . . maintenance of payments while the case is pending on any . . . secured claim on which the last payment is due after the date on which the final payment under the plan is due," which usually means a mortgage claim. 11 U.S.C. § 1322(b)(5). For example, a Chapter 13 debtor whose

mortgage payments will continue after his final plan payment "may simply maintain the regular payment schedule through the end of the plan." *In re Tollios*, 491 B.R. 886, 889 (Bankr. N.D. Ill. 2013). Section 1322(b)(5) allows a debtor to "reinstate a defaulted payment contract which matures after the last date for payments under the plan, provided that he maintains performance under that contract during the pendency of the case and cures the default within a reasonable time by making payments under the plan." *Lessman*, 159 B.R. at 137. In sum, a debtor may use Section 1322(b)(5) to "cure" a prepetition or postpetition default on a mortgage within a reasonable time and "maintain" payments on the mortgage over the course of the debtor's plan.

Although there is a paucity of case law involving facts similar to those present here, and although Debtor disavows reliance on this provision, the Court concludes that Debtor's Plan runs afoul of Section 1322(b)(5). The Court's independent obligation to determine the Plan's compliance with the Bankruptcy Code is not limited to whether or not a particular section was specifically invoked in Debtor's Plan, as contended by the Debtor. And in substance, Debtor's claim that he is not in "default of his adequate protection payments" is belied by the terms of the mortgage and note, which require monthly principal and interest payments. The Debtor explicitly confirmed in the pleadings and at the hearings that it is not his intention to cure or make up ground on the seven missed payments over the life of the Plan, and then to simply have a larger amount outstanding on the mortgage following the Plan's conclusion. Such amount would include not only the seven missed postpetition payments but also the roughly $50,000 in pre-petition arrears that, due to Trustco's failure to file a timely proof of claim, does not need to be dealt with through the Plan.

This approach is not consistent with Section 1322(b)(5), which is not designed to cure defaults of a proposed Chapter 13 plan; rather, it allows a debtor to "reinstate a defaulted

*payment contract*." *Lessman*, 159 B.R. at 137 (emphasis added). This section may be used to cure both prepetition and postpetition defaults. *See Mendoza v. Temple-Inland Mortg. Corp. (Matter of Mendoza)*, 111 F.3d 1264, 1268 (5th Cir. 1997); *In re McCollum*, 76 B.R. 797, 800 (Bankr. D. Or. 1987); *In re Simpkins*, 16 B.R. 956, 967 (Bankr. E.D. Tenn. 1982).

Debtor's decision to maintain postpetition principal and interest payments to Trustco going forward is something that a plan "may" do under Section 1322(b)(5), and here is presumably intended to avoid creating grounds for a renewed Section 362(d)(1) motion for relief premised on "cause" for failure to cure postpetition defaults within a "reasonable time." *See In re Mathews*, 208 B.R. 506, 511–12 (Bankr. N.D. Ala. 1997); *Lessman*, 159 B.R. at 137. But the Court does not see a basis to deviate from how the Code authorizes such discretionary payments to be made, namely, by curing the arrearages within a reasonable time and maintaining payments over the life of the Plan. *See* 11 U.S.C. § 1322(b)(5); *Lessman*, 159 B.R. at 137 (Section 1322(b)(5) satisfied when debtor "maintains performance under that contract during the pendency of the case and cures the default within a reasonable time by making payments under the plan"). And here, Debtor's Plan does not propose to cure the postpetition default to Trustco, *i.e.*, the seven missed postpetition payments, within anything the Court considers to be a "reasonable time," nor does Debtor's approach constitute maintaining performance during the pendency of the case. Thus, by making Trustco wait until sometime after the end of the case to be paid postpetition amounts due, the Plan as proposed is inconsistent with Section 1322(b)(5).

Therefore, the Court finds that the Plan violates Section 1322(b)(5) and thus cannot be confirmed as proposed because Debtor has not met his burden of showing that the plan satisfies Section 1325(a)(1). The question of what "constitutes a reasonable cure period for purposes of [Section] 1322(b)(5) is determined by the facts and equities of each case," *Lessman*, 159 B.R. at

138, and such a determination can be made at a later date should Debtor file a further amended plan in an attempt to come into compliance with Section 1322(b)(5).

**CONCLUSION**

For the foregoing reasons, the Motion for Relief is DENIED and the Confirmation Objection is SUSTAINED. This opinion and order is self-effectuating, meaning that no separate order is required to memorialize and effectuate the Court's ruling.

The parties, including the Chapter 13 Trustee, should promptly confer regarding whether the scheduled October 21 confirmation hearing should proceed or should be adjourned to permit further party discussions and a possible further plan amendment. Any proposed adjournment requires (and here likely would receive) Court approval.

IT IS SO ORDERED.

Dated: New York, New York
October 13, 2026

*s/ David S. Jones*
Honorable David S. Jones
United States Bankruptcy Judge